UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAMON SALAZAR VASQUEZ, PORFIRIO AGUILAR FABIAN, ERNESTO AGUILAR BOCANEGRA, MACODONIO AMBROCIO MATIAS, FILIBERTO BAUTISTA, JOSUE CARRILLO ORTIZ, AGUSTIN CRISTEN TEJEDA, LUIS ALBERTO CRUZ VASQUEZ, PEDRO CRUZ VASQUEZ, JOSE ALBERTO GARCIA RODRIGUEZ, ESTEBAN GONZALEZ MARQUES, GUSTAVO GONZALEZ MARTINEZ, FERNANDO GONZALEZ PEREZ, ISAAC GONZALEZ TREJO, FELICIANO LOPEZ CRUZ, MIGUEL MACIAS DELUNA, RENE MARTINEZ MARTINEZ, ANTONIO MENDEZ GARCIA, MARCOS MARQUEZ MAR, BONIFACIO MARQUEZ MARQUEZ, ROBERTO CARLOS MARQUEZ, CLAUDIO SERAFIN MARTINEZ, GIOVANNI SERAFIN MARTINEZ, FRANCISCO OSARIO DEL ANGEL, SAUL PEREZ MENDEZ, FRANCISCO BRUNO PERIANEZ, JOSE RAMOS RAMOS, CANDIDO RAMIREZ ORTEGA, FELIPE REYES SALVADOR, BERTIN ROJAS LOPEZ, MELITON SALAZAR RODRIGUEZ, UZIEL SANTIAGO MARTINEZ, JAVIER VASQUEZ HERNANDEZ and RICARDO VITE XOTHIHUA,

   Plaintiffs,

v.                Case No:  2:14-cv-161-FtM-29CM

P & L HARVESTING, LLC,

   Defendant.
_____

## ORDER

Before the Court is Plaintiffs' Motion to Extend the Mediation Deadline as Set Forth in the Case Management Report (Doc. 34), and Defendant's Response in Opposition (Doc. 35). In this Fair Labor Standards Act ("FLSA") case, Plaintiffs, who are agricultural workers, move for a 90-day extension of the mediation deadline, currently set for January 29, 2015. Doc. 33. As grounds, Plaintiffs state that they have not yet been provided with complete and unredacted payroll records and tally sheets for entire crews, which they need to evaluate daily hours worked.[1] It is their contention that the hours were fabricated to show that the workers were paid correctly when in fact they were not. Plaintiffs argue that they need the full and complete payroll records in order to be able to negotiate at mediation with knowledge and understanding of the parties' strengths and weaknesses.

Defendant responds that Plaintiffs proposed a mediation deadline of March 15, 2015 in the Case Management Report, which was rejected by the Court in favor of the January 29, 2015 deadline, proposed by Defendants. Docs. 31, 33. Defendant asserts that Plaintiffs have sufficient information to assess their claims and even if further information is needed, this is not sufficient reason to prolong Defendant's efforts to settle this matter. Defendant believes that extending the mediation date will impose an undue and financial burden.

The Court finds that Plaintiffs have shown good cause to extend the mediation deadline. Pursuant to the Court's case management report form, the Court

---

[1] The deadline for the parties to exchange documents that pertain to the unpaid wages was June 23, 2014, as set forth in the FLSA Scheduling Order. Doc. 9.

generally recommends mediation either two to three months after the case management report meeting, or just after the discovery deadline. Plaintiffs' requested extension is within this timeframe.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiffs' Motion to Extend the Mediation Deadline as Set Forth in the Case Management Report (Doc. 34) is **GRANTED**. The mediation deadline is extended to **April 29, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of January, 2015.

*CAROL MIRANDO*
United States Magistrate Judge

Copies:
Counsel of record