## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RAMON SALAZAR VASQUEZ,
PORFIRIO AGUILAR FABIAN,
ERNESTO AGUILAR BOCANEGRA,
MACODONIO AMBROCIO MATIAS,
FILIBERTO BAUTISTA, JOSUE
CARRILLO ORTIZ, AGUSTIN
CRISTEN TEJEDA, LUIS ALBERTO
CRUZ VASQUEZ, PEDRO CRUZ
VASQUEZ, JOSE ALBERTO GARCIA
RODRIGUEZ, ESTEBAN GONZALEZ
MARQUES, GUSTAVO GONZALEZ
MARTINEZ, FERNANDO
GONZALEZ PEREZ, ISAAC
GONZALEZ TREJO, FELICIANO
LOPEZ CRUZ, MIGUEL MACIAS
DELUNA, RENE MARTINEZ
MARTINEZ, ANTONIO MENDEZ
GARCIA, MARCOS MARQUEZ MAR,
BONIFACIO MARQUEZ MARQUEZ,
ROBERTO CARLOS MARQUEZ,
CLAUDIO SERAFIN MARTINEZ,
GIOVANNI SERAFIN MARTINEZ,
FRANCISCO OSARIO DEL ANGEL,
SAUL PEREZ MENDEZ,
FRANCISCO BRUNO PERIANEZ,
JOSE RAMOS RAMOS, CANDIDO
RAMIREZ ORTEGA, FELIPE REYES
SALVADOR, BERTIN ROJAS
LOPEZ, MELITON SALAZAR
RODRIGUEZ, UZIEL SANTIAGO
MARTINEZ, JAVIER VASQUEZ
HERNANDEZ and RICARDO VITE
XOTHIHUA,

     Plaintiffs,

v.                          Case No:  2:14-cv-161-FtM-29CM

P & L HARVESTING, LLC,

Defendant.

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement and Release and for Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 44), filed on June 12, 2015. The parties are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth below, the parties' motion is denied without prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29

U.S.C. § 216(b).   This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs."   *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).   The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti v. Embarq Mgmt. Co.*,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

*Bonetti*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (denying request to approve FLSA settlement because the motion did not address whether plaintiff's attorneys fees were agreed upon separately and without regard to the amount paid to plaintiff).

Plaintiffs brought this action against Defendant seeking damages for unpaid minimum wages.   Doc. 3 at ¶1.   In the proposed Settlement Agreement, Defendants agreed to pay a total of $80,000.00 to resolve this matter.   Doc. 44-1 at 4.   Plaintiffs will each receive $1,600.00 for a total sum of $54,000.00.   *Id.*   Defendant also agreed to pay Plaintiff's attorneys' fees and costs in the amount of $26,000.00.   *Id.* at 5. The parties do not assert, however, in either their Motion or the Settlement Agreement that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.   Thus, the request for

approval will be denied at this time, as the Court cannot determine based upon what has been submitted whether the attorneys' fees and costs were determined independently, did not affect the payment to the Plaintiffs and are otherwise reasonable.

Moreover, the Court notes that the Settlement Agreement contains a confidentiality provision.   Doc. 44-1 at 8-9.   Pursuant to *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010), a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."   As set forth in *Dees*, the Court does not consider the settlement agreement to be confidential.   Although the settlement agreement was filed in the public court record with no objection, the Court directs the parties to refile for the Court's review the settlement agreement signed by all parties with the confidentiality provision removed, attached to an amended joint motion for approval of the FLSA settlement agreement.

Finally, the Court notes that parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.   Doc. 44 at 3.   This Court previously has not been inclined to retain jurisdiction absent an articulation of independent jurisdiction or compelling circumstances.   *See King v. Wells Fargo Home Mortgage*, 2009 WL 2370640 (M.D. Fla. 2009).

ACCORDINGLY, it is hereby

**ORDERED:**

1.      The parties' Joint Motion for Approval of Settlement Agreement and Release and for Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 44) is **DENIED without prejudice**.

2.      The parties shall have up to and including **July 7, 2015** to file an amended joint motion in compliance with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record