## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RAMON SALAZAR VASQUEZ,
PORFIRIO AGUILAR FABIAN,
ERNESTO AGUILAR BOCANEGRA,
MACODONIO AMBROCIO MATIAS,
FILIBERTO BAUTISTA, JOSUE
CARRILLO ORTIZ, AGUSTIN
CRISTEN TEJEDA, LUIS ALBERTO
CRUZ VASQUEZ, PEDRO CRUZ
VASQUEZ, JOSE ALBERTO GARCIA
RODRIGUEZ, ESTEBAN GONZALEZ
MARQUES, GUSTAVO GONZALEZ
MARTINEZ, FERNANDO
GONZALEZ PEREZ, ISAAC
GONZALEZ TREJO, FELICIANO
LOPEZ CRUZ, MIGUEL MACIAS
DELUNA, RENE MARTINEZ
MARTINEZ, ANTONIO MENDEZ
GARCIA, MARCOS MARQUEZ MAR,
BONIFACIO MARQUEZ MARQUEZ,
ROBERTO CARLOS MARQUEZ,
CLAUDIO SERAFIN MARTINEZ,
GIOVANNI SERAFIN MARTINEZ,
FRANCISCO OSARIO DEL ANGEL,
SAUL PEREZ MENDEZ,
FRANCISCO BRUNO PERIANEZ,
JOSE RAMOS RAMOS, CANDIDO
RAMIREZ ORTEGA, FELIPE REYES
SALVADOR, BERTIN ROJAS
LOPEZ, MELITON SALAZAR
RODRIGUEZ, UZIEL SANTIAGO
MARTINEZ, JAVIER VASQUEZ
HERNANDEZ and RICARDO VITE
XOTHIHUA,

     Plaintiffs,

v.                                                      Case No:  2:14-cv-161-FtM-29CM

P & L HARVESTING, LLC,

Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Amended Motion for Approval of Amended Settlement Agreement and Release and For Dismissal with Prejudice and Incorporated Memorandum of Law in Support (Doc. 46), filed on July 7, 2015.   For the reasons set forth herein, the Court recommends that the settlement be approved.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.   **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

> protect their rights under the statute.   Thus, when the parties
> submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues
> than a mere waiver of statutory rights brought about by an
> employer's overreaching.   If a settlement in an employee FLSA
> suit does reflect a reasonable compromise over issues, such as
> FLSA coverage or computation of back wages, that are actually
> in dispute, we allow the district court to approve the settlement
> in order to promote the policy of encouraging settlement of
> litigation.

*Id.* at 1354.

Plaintiffs, Ramon Salazar Vazquez, Porfirio Anguilar Fabian, Ernesto Anguilar Bocanegra, Macodonio Ambrocio Matias, Filiberto Bautista, Josue Carrillo Ortiz, Agustin Cristen Tejeda, Luis Alberto Cruz Vasquez, Pedro Cruz Vasquez, Jose Alberto Garcia Rodriguez, Esteban Gonzalez Marques, Gustavo Gonzalez Martinez, Fernando Gonzalez Perez, Issac Gonzalez Trejo, Feliciano Lopez Cruz, Miguel Macias DeLuna, Rene Martinez Martinez, Antonio Mendez Garcia, Marcos Marquez Mar, Bonifacio Marquez Marquez, Roberto Carlos Marquez, Claudio Serafin Martinez, Giovanni Serafin Martinez, Francisco Osario Del Angel, Saul Perez Mendez, Francisco Bruno Perianez, Jose Ramos Ramos, Candido Ramirez Ortega, Felipe Reyes Salvador, Bertin Rojas Lopez, Meliton Salazar Rodriguez, Uziel Santiago Martinez, Javier Vasquez Hernandez, and Ricardo Vite Xothihua ("Plaintiffs") brought these claims for failure to pay minimum wages due to them under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*   Doc. 3. Plaintiffs seek recovery for unpaid minimum wages, liquidated damages, breach of contract, and attorney's fees arising out of their employment as guest laborers to pick citrus fruit for Defendant.   *Id.* at 15.

Plaintiffs claim that they are owed amounts ranging from approximately $2790.71 to $7805.46.   Docs. 19-15 at 5; 19-19 at 5.   Defendant has agreed to pay a total of $80,000.00 to settle this matter.   Doc. 46 at 11.   Each Plaintiff will receive $1,600.00.   *Id.*   The parties indicate that the settlement amounts are less that the initial demands in part because the full information was not available to Plaintiffs at the time of the initial demands.   *Id.* at 4.   Plaintiffs agreed to accept a compromised amount in an effort to avoid the risks, uncertainty, and costs of continued litigation. *Id.* at 4.   Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here.   *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendant further agrees to pay Florida Rural Legal Services Inc. a total of $26,000.00 for attorney's fees.   Doc. 46 at 11. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.   *Id.* at 5. Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is

for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 46 at 5. Thus, having reviewed the settlement documentation, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Although no provision is contained in the Settlement Agreement, the Court notes that in the motion parties again requests that the Court retain jurisdiction to enforce the terms of the Settlement Agreement. Doc. 46 at 3. In the parties first Joint Motion for Approval of Settlement Agreement, the parties requested that the Court retain jurisdiction. Doc. 43 at 3. The Court previously informed the parties that this Court has not been inclined to retain jurisdiction absent an articulation of independent jurisdiction or compelling circumstances. *See King v. Wells Fargo Home Mortgage*, 2009 WL 2370640 (M.D. Fla. 2009). In the present motion, the parties did not include any information as to why this Court should retain jurisdiction of this matter.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.     That the Joint Amended Motion for Approval of Amended Settlement Agreement and Release and For Dismissal with Prejudice and Incorporated Memorandum of Law in Support (Doc. 46) be **GRANTED**.

2.     That the parties' request that the Court retain jurisdiction be **DENIED.**

3.     That the Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of July, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record